JUDGE STEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 8598

-----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY            :    Civil Action No.
COMMISSION,                             :
                                        :
            Plaintiff,                  :
                                        :
    v.                                  :
                                        :    COMPLAINT AND
BALLET THEATRE FOUNDATION, INC.,        :    JURY TRIAL DEMAND
a/k/a American Ballet Theatre, American Ballet :
Theatre Company, and ABT,               :
                                        :
            Defendant.                  :
-----------------------------------------------------------x



## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967 (ADEA) to correct unlawful employment practices on the basis of age and to provide appropriate relief to Henry Nowak (Charging Party) who was adversely affected by such unlawful practices. As alleged with greater specificity below, the Equal Employment Opportunity Commission alleges that the Ballet Theatre Foundation, Inc., a/k/a American Ballet Theatre, American Ballet Theatre Company and ABT, discriminated against Charging Party in the terms, conditions and privileges of his employment by terminating him from his position because of his age (74) and replacing him with a younger employee, in violation of the ADEA

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the ADEA), which incorporates by reference Section 16(c) and 17 of the Fair Labor Standards Act of 1938 (the FLSA), as amended, 29 U.S.C. § 216(c) and § 217.

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of New York and within The City of New York, New York County, State of New York.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission (EEOC) is an agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. American Ballet Theatre and ABT are registered trademarks of Ballet Theatre Foundation, Inc.

5. Ballet Theatre Foundation is also known as and conducts business as American Ballet Theatre, American Ballet Theatre Company, and ABT

6. At all relevant times, Defendant Ballet Theatre Foundation, Inc., a/k/a American Ballet Theatre, American Ballet Theatre Company & ABT (Defendant), has been a corporation under the laws of New York, doing business in New York, and has continuously had at least 20 employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 11(b), (g) and (h) of the ADEA, 29 U.S.C. §630(b), (g) and (h).

## CONCILIATION

8. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance

with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## STATEMENT OF CLAIM

9. Since at least September 2005, Defendants engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. §623(a). The practices included the following:

    a. Charging Party played trumpet regularly in Defendant's orchestra for 28 years;

    b. Charging Party's job performance was satisfactory and he played fourth trumpet for Defendant in over half of its performances in 2004 and 2005, played fourth trumpet for Defendant in more performances in 2004 than he had in 2003, and played fourth trumpet for Defendant in more performances in 2005 than he had in 2004;

    c. On or about September 26, 2005, Defendant terminated Charging Party's services because of Charging Party's age, 74;

    d. Defendant replaced Charging Party with a younger employee;

    e. Before Defendant terminated Charging Party, one of it conductors involved in the decision to terminate Charging Party asked another member of the American Ballet Theatre orchestra for advice on how to get the older players to retire, stated at a meeting that it's time to tell the older workers it's time to go, and told another orchestra member that at [his] age it was time for him to retire.

10. The effect of the practices complained of above has been to deprive Charging Party of equal employment opportunities, and otherwise adversely affect his status as an employee because of his age.

11. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against employees age 40 and over, on the basis of age and from engaging in any other employment practice which discriminates on the basis of age against individuals 40 years of age and older;

B. Order Defendant, its officers, successors, assigns and all persons in active concert or participation with it, to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

C. Grant a judgment requiring Defendant to pay appropriate back wages in amounts to be determined at trial, and equals sum as liquidated damages, or prejudgment interest in lieu thereof;

D. Order Defendant to make whole Charging Party who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement of Charging Party, with permanent employment status and with restoration of all rights and privileges of employment lost as a result of the discrimination, including but not limited to restoration of seniority and front pay to Charging Party.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Dated: October 4, 2007
       New York, New York

                                        Respectfully submitted,

                                        Ronald Cooper
                                        General Counsel

                                        James L. Lee
                                        Deputy General Counsel

                                        Gwendolyn Young Reams
                                        Associate General Counsel

                                        EQUAL EMPLOYMENT OPPORTUNITY
                                        COMMISSION
                                        1801 L Street, N.W.
                                        Washington, D.C. 20507

                                        _____
                                        Elizabeth Grossman (EG-2478)
                                        Regional Attorney
                                        elizabeth.grossman@eeoc.gov

                                        _____
                                        Judy A. Keenan (JK-3083)
                                        Supervisory Trial Attorney
                                        judy.keenan@eeoc.gov

                                        _____
                                        Monique J. Roberts (MR-6338)
                                        Trial Attorney
                                        New York District Office
                                        33 Whitehall St., 5th floor
                                        New York, N.Y. 10004-2112
                                        Telephone: (212) 336-3704
                                        Facsimile: (212) 336-3623
                                        monique.roberts@eeoc.gov

5